UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| DENNIS LEE RIVERS, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 6:23-CV-00033 |
| § | |
| KELLY JANICA, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS**
**CASE FOR FAILURE TO PROSECUTE**

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the Hughes Unit in Gatesville, Texas. Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on July 24, 2023. (D.E. 1).

Petitioner filed this habeas action against Jackson County, Texas, in an attempt to resolve or remove detainers in two pending felony cases. (D.E. 1). However, on July 25, 2023, the undersigned informed Petitioner that he must present his claims to the Texas courts because federal courts typically do not interfere with pending state criminal charges. (D.E. 7, Page 1) (citing *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). Petitioner was further cautioned that this habeas action is subject to dismissal because he has not exhausted all state court remedies. (D.E. 7, Page 2) (citing 28 U.S.C. § 2254(b) &

(c); *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)) (other citations omitted).

Accordingly, Petitioner was ordered to show cause why this action should not be dismissed by filing a written response on or before August 25, 2023, explaining why his case should not be summarily dismissed pursuant to the abstention doctrine and because of his failure to exhaust.  (D.E. 7, Page 2).  Petitioner was notified that failure to comply with the show cause order could result in the dismissal of his case.  (D.E. 7, Page 3); Fed. R. Civ. P. 41.  Petitioner has failed to comply.

Therefore, it is respectfully recommended that Petitioner's case be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED on August 30, 2023.

                                                     Jason B. Libby
                                          United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).