UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DENNIS LEE RIVERS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:23-CV-00033 |
| | § | |
| KELLY JANICA, | § | |
| | § | |
| Respondent. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE

On August 30, 2023, United States Magistrate Judge Jason B. Libby issued his "Memorandum and Recommendation to Dismiss Case for Failure to Prosecute" (M&R, D.E. 8). Petitioner was provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. No objections have been timely filed.

Petitioner, instead, filed five letters (D.E. 9, 10, 11, 14, 15), incorrectly suggesting that the M&R is an order requiring state authorities to respond within 14 days or the state charges against him will be dismissed. These letters fail to address the issues of failure to exhaust state remedies and the abstention doctrine, which the M&R states are bases for dismissing Petitioner's habeas action. It is Petitioner's failure to respond to the Magistrate Judge's show cause order to address these substantive reasons that prompts this dismissal. D.E. 8. Consequently, the letters do not constitute cognizable objections. An objection must point out with particularity the alleged error in the magistrate judge's analysis.

Otherwise, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

When no timely objection to a magistrate judge's memorandum and recommendation is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's memorandum and recommendation. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's M&R (D.E. 8), and all other relevant documents in the record, and finding no clear error, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the claims are dismissed on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, his claims are dismissed procedurally. Reasonable jurists would not find debatable or wrong the conclusion that Petitioner's cause of action is subject

to dismissal for failure to respond to the Magistrate Judge's show cause order to address whether he has exhausted his administrative remedies or whether this case is subject to abstention. The law in this area is settled and not subject to debate. Petitioner has not made the necessary showing for issuance of a COA. In the event that Petitioner requests a COA, that request is **DENIED**.

**ORDERED** on October 11, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE